IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-02223-M

HILARIO RENATO MENDOZA BELTRAN, )
)
    Petitioner, )
)
v. ) ORDER
)
WARDEN WILLIAM HOLZAPFEL, )
)
    Respondent. )

On August 1, 2023, Hilario Renato Mendoza Beltran, A.K.A. Hilario Mendoza Beltran ("petitioner"), a federal inmate proceeding *pro se*, filed in the United States District Court for the Northern District of New York a self-styled "emergency motion" seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Pet. [D.E. 1]. On October 5, 2023, the action was transferred to this court. See Mem. Decision and Order [D.E. 5]. The court now conducts its initial review under 28 U.S.C. § 2243 and, for the following reasons, dismisses the action without prejudice.

Discussion:

Petitioner asserts that the Federal Bureau of Prisons ("BOP") wrongly denied his earned First Sept Act "time credits" because he is a non-U.S. Citizen. See Pet. [D.E. 1] at 2–3. Although he acknowledges he is a deportable alien, he asserts that "he is not now subject to a final order of removal" but "the BOP is maliciously misreading 18 U.S.C. § 3632(d)(4)(E)(i)." Id. at 4. Petitioner further contends that his release date would be October 24, 2024, if the BOP correctly applied his "time credits." Id. Petitioner acknowledges he has not exhausted his administrative remedies but contends that the BOP's administrative remedy procedure is not "available" to him, and that an attempt to exhaust administrative remedies would be "futile." Id. at 5. Thus, petitioner

argues, he "is engaging in the textual exception to exhaustion of his Administrative Remedies described in the Prison Litigation Reform Act of 1995." Id.

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

> Prior to hearing a § 2241 petition, federal courts require exhaustion of alternative remedies, including administrative appeals. See e.g., Boumediene v. Bush, 553 U.S. 723, 793 (2008); Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010). The exhaustion requirement is a prudential restraint, not a statutory requirement. Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004). It allows agencies to exercise autonomy and discretion and prevents premature judicial intervention. Darby v. Kemp, 957 F.2d 145, 147 (4th Cir. 1992), rev'd on other grounds sub nom. Darby v. Cisneros, 509 U.S. 137 (1993).

Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished).

Successfully exhausting administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (emphasis original, internal quotation marks and citation omitted). "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. at 93.

Failure to exhaust administrative remedies is an affirmative defense that generally must be pleaded and proved, see Jones v. Bock, 549 U.S. 199, 216 (2007); Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017), but the court may sua sponte dismiss an action where the failure to exhaust is apparent on the face of the filings, see Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

The BOP has a four-step Administrative Remedy Program. See 28 C.F.R. §§ 542.10, et seq; Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished). An inmate first seeks to informally resolve his complaint by filing Form BP-8 and, if still unresolved,

2

the inmate then must file a formal written "Administrative Remedy Request" (Form BP-9) within twenty days following the date on which the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). An inmate then may appeal the decision to the Regional Director within twenty days of the date of the Warden's BP-9 response by filing Form BP-10. 28 C.F.R. § 542.15. Finally, the inmate may appeal the BP-10 decision to the General Counsel within thirty days of the Regional Director's response by filing Form BP-11. Id. If the inmate does not receive a response within the time allotted for reply, including extensions, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

Petitioner seeks to rely upon, *inter alia*, Gallegos-Hernandez v. United States, 688 F.3d 190, 194 (5th Cir. 2012) (finding a federal inmate may be excused from administrative exhaustion if the claim is "wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."); Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (noting exhaustion can be waived "if pursuing those [administrative] remedies would be futile" (citation omitted)). Pet. [D.E. 1] at 2–3. His attempted reliance is inapt.

First, these cases are not binding precedent in this circuit. Next, Ward involved issues substantially distinguishable from the instant action. 678 F.3d at 1044 (holding, "where the sentencing court has failed to consider whether the defendant has the financial resources to pay restitution immediately, ordering immediate payment impermissibly delegates to the BOP the court's obligation to set a payment schedule."). Next, although Gallegos-Hernandez found that a petitioner's challenge to a BOP regulation was futile when raising a "constitutional claim that [the] agency would clearly reject," it also noted that administrative exhaustion still is required when a petitioner claims that the BOP "erred in its application of the regulation." 688 F.3d at 194.

3

The relevant statute and implementing regulation do not address the status of deportable aliens not presently subject to a final order of removal, like petitioner. 18 U.S.C. § 3632(d)(4)(E) (providing an inmate "is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws."); 28 C.F.R. § 523.44(a)(2) (providing the BOP may not apply time credits for inmates subject to a final order of removal under immigration laws). Thus, unlike in Ward and Gallegos-Hernandez, petitioner makes no showing that the administrative review process challenging the BOP's purported misapplication of this statute and regulation to deny his "time credits" would be "futile." Accord Salinas-Aleman v. Warden FCI Butner Low, No. 5:23-HC-2120-FL, 2023 WL 3956797, at *2 (E.D.N.C. June 12, 2023). To the extent he instead challenges the purported BOP policy to deny "time credits" to all deportable aliens regardless of whether a final order of removal has been issued, petitioner also does not explain why he cannot challenge this policy through the administrative remedy program. See 28 C.F.R. § 542.10(a) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement.").

The court now turns to his claims that the BOP's Administrative Remedy Program is not "available," or that response time extensions "would waste a significant amount of the Petitioner's time before his projected release date." Pet. [D.E. 1] at 5. Petitioner fails to show either "exceptional circumstances" meriting this attempted bypass of BOP administrative procedure, cf. Timms, 627 F.3d at 530–31, or that this procedure is not "available" to him within the meaning of Ross v. Blake, 578 U.S. 632, 643–44 (2016) (finding administrative procedure not "available" when: 1) it "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; 2) it is "so opaque that it becomes, practically speaking,

4

incapable of use"; or 3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."); see also United States v. Bello-Lopez, No. 3:19-CR-103-MOC, 2023 WL 5493582, at *2 (W.D.N.C. Aug. 24, 2023) ("The inability to receive good-time credits is a generalized complaint applicable to presumably a great many inmates and is not 'extraordinary.'" (citation and internal quotation marks omitted)); Crum v. Young, No. 5:20-CV-00658, 2021 WL 2434358, at *2 (S.D.W. Va. June 15, 2021) ("'[d]istrict courts have found that exhaustion should not be excused on the basis that an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full [halfway house] placement.'" (citation omitted)), appeal dismissed, 858 F. App'x 59 (4th Cir. 2021).

Thus, because it is clear from the face of the filings that petitioner did not exhaust his available administrative remedies before filing this § 2241 petition, dismissal without prejudice is appropriate. Custis, 851 F.3d at 361; see Rodriguez, 715 F. App'x at 265 ("Failure to exhaust administrative remedies typically results in dismissal without prejudice, in order to allow the refiling of an action once the administrative process is complete.").

Conclusion:

In sum, the court: DISMISSES WITHOUT PREJUDICE the petition [D.E. 1]; DENIES a Certificate of Appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and DIRECTS the clerk to close the case.

SO ORDERED this 11th day of January, 2024.

RICHARD E. MYERS II
Chief United States District Judge

5